IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GEORGE CONTRERAS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:12-MC-09017-BCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Movant George Contreras' Motion for Return of Seized Property (Doc. #1). In its opposition to the Motion, Respondent United States of America has moved to dismiss this matter because an administrative forfeiture proceeding regarding the property at issue has been initiated. The Court being duly advised of the premises, for good cause shown, and for the following reasons denies said Motion and dismisses this matter without prejudice.

## STANDARD OF REVIEW

The standard governing motions to dismiss are well-settled. When deciding a motion to dismiss, the Court must assume that all allegations in the complaint are true and construe all reasonable inferences in the non-movant's favor. Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir. 2002). However, the Court may dismiss a complaint if it is beyond doubt that no relief can be granted under any set of facts that could be proved consistent with the complaint. See Id.; Breedlove v. Earthgrains Baking Cos., 140 F.3d 797, 799 (8th Cir. 1998) (citation omitted).

- 1 -

**DISCUSSION**

Contreras filed this matter pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Rule 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). A motion pursuant to Rule 41(g) is an equitable remedy.

However, a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim. See Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit, 92 F.3d 648, 652 (8th Cir. 1996); In re Harper, 835 F.2d 1273, 1274-75 (8th Cir. 1988), *rev'd on other grounds*. "[T]he legality of a seizure should be tested in the forfeiture proceeding." In re Harper, at 1274-75 (citation omitted).

In order for notice to comport with due process requirements, it must be "reasonably calculated under all the circumstances to apprise petitioner of the pendency . . . of forfeiture." Dusenbery v. U.S., 534 U.S. 161, 168 (2002). Indeed, the Eighth Circuit has held that notice of a forfeiture proceeding satisfies due process when a forfeiture notice is sent to the claimant in the care of his or her attorney. See Nunley v. Dept. of Justice, 425 F.3d 1132, 1139 (8th Cir. 2005); U.S. v. Cupples, 112 F.3d 318, 320 (8th Cir. 1997); see also U.S. v. Birchem, 100 F.3d 607, 609 (8th Cir. 1996).

On March 14, 2012, the Buckner, Missouri Police Department executed a search warrant on Contreras' home. In executing that search, the Buckner, Missouri Police Department seized United States currency totaling $33,743.43. On June 13, 2012, United States Magistrate Judge Robert E. Larsen signed a seizure warrant for United States currency totaling $33,743.43 in the Buckner, Missouri Police Department's custody. The

Drug Enforcement Administration executed that warrant. On July 11, 2012, the Drug Enforcement Administration initiated an administrative forfeiture proceeding as to the United States currency totaling $33,743.43, and Contreras filed this Rule 41(g) Motion on July 30, 2012. A notice of the administrative forfeiture proceeding was mailed to Contreras at his residence on August 13, 2012. Additionally, a notice letter was sent to Contreras' attorney, Phillip R. Gibson.

Since notice of the forfeiture proceeding was sent to Contreras' attorney, that notice satisfies due process. The notice procedures followed by the government were in accordance with the statutes and regulations governing administrative forfeitures. See 18 U.S.C. § 981(b), 983; 19 U.S.C. § 1607-1609; 21 U.S.C. § 881(b); and 21 C.F.R. § 1316.75. Thus, this matter must be dismissed in favor of the forfeiture proceeding initiated by the Drug Enforcement Administration because the Court lacks jurisdiction over a challenge to the forfeiture. Contreras may pursue relief under the forfeiture statute pursuant to 18 U.S.C. § 983(f). Accordingly, it is hereby

ORDERED Movant George Contreras' Motion for Return of Seized Property (Doc. #1) is DENIED. It is further

ORDERED this matter is dismissed without prejudice.

IT IS SO ORDERED.

DATED: <u>November 16, 2012</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT